IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LYNN R., as guardian of T.R., a minor,<br><br>Plaintiff,<br><br>v.<br><br>VALUEOPTIONS, AT&T (f/k/a SBC Communications Inc.), and SBC UMBRELLA BENEFIT PLAN NO. 1 – SNET ACTIVE BARGAINING UNIT EMPLOYEE HEALTH PLAN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER AWARDING JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br><br><br>Case No. 2:12-CV-1201 TS<br><br>District Judge Ted Stewart |

This matter is before the Court for determination of the amount to be awarded to Plaintiff under 28 U.S.C. § 1132(a)(1)(B), in light of the Court's recent grant of summary judgment in Plaintiff's favor. Also before the Court is Plaintiff's Motion for Reconsideration.[1] For the reasons discussed more fully below, the Court will award Plaintiff $76,801.22, plus prejudgment interest at 10% per annum and postjudgment interest at the statutory rate, and will deny Plaintiff's Motion for Reconsideration.

## I. BACKGROUND

Plaintiff brought this action under the Employee Retirement Income Security Act ("ERISA").[2] In 2010, Plaintiff's dependent, T.R., began receiving residential mental-health care in a residential treatment facility in Loa, Utah. Defendants denied coverage for the treatment,

---

[1] Docket No. 64.

[2] 29 U.S.C. §§ 1001–1461 (2012).

based on the terms of the self-funded group health benefit plan (the "Plan") sponsored by T.R.'s father's employer.

The Court granted summary judgment in Plaintiff's favor, finding that Defendants' denial of coverage was arbitrary and capricious.  In addition to concluding that an award of benefits was warranted, the Court awarded Plaintiff prejudgment interest, but did not award attorneys' fees or costs to Plaintiff.  The Court directed Plaintiff to supply the Court with clarification of the cost of the treatment plus 10% per annum prejudgment interest, and provided Defendants with an opportunity to object to Plaintiff's calculation.

## II.  MOTION FOR RECONSIDERATION

First, Plaintiff moves for the Court to reconsider its decision to not award attorneys' fees or costs.

"[E]very order short of a final decree is subject to reopening at the discretion of the district judge."[3]  "Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous."[4]  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[5]

---

[3] *Elephant Butte Irrigation Dist. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008) (citation and internal quotation marks omitted).

[4] *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981) (citing *Furhman v. U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973)).

[5] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).

Plaintiff does not present substantially different and new evidence or subsequent and contradictory controlling authority.  Rather, Plaintiff argues that the Court misapprehended controlling law in seeking reconsideration of the Court's denial of attorneys' fees under 29 U.S.C. § 1132(g)(1).

The Court has considered all of Plaintiff's arguments and concludes that Plaintiff has not raised issues demonstrating that the Court misapprehended controlling law.  Therefore, for substantially the same reasons described in the Court's prior Order,[6] the Court will deny Plaintiff's Motion for Reconsideration.

## III.  AMOUNT OF AWARD

Plaintiff initially asserted that her out-of-pocket expenses were $74,334.  In support of this figure, Plaintiff submitted an affidavit attesting to the total amount Plaintiff paid to Aspen Ranch and seven itemized account statements issued by Aspen Ranch to Plaintiff.

Defendants AT&T and SBC Umbrella Benefit Plan No. 1 – SNET Active Bargaining Unit Employee Health Plan object to Plaintiff's initial calculations, arguing that Plaintiff included charges for services that are not covered by the Plan and that Plaintiff failed to provide adequate detail about the charges to allow for an accurate determination of which charges would be compensable under the Plan.

Defendant ValueOptions also objects to Plaintiff's initial calculations.  ValueOptions argues that Plaintiff included items that are not covered by the Plan, psychiatric services for which Plaintiff did not submit a claim, insufficient detail of the "residential treatment" line item

---

[6] Docket No. 61.

listed on Plaintiff's account statements, and services provided to Plaintiff's dependent beyond the period of time encompassed by the original denial of Plaintiff's claim for benefits.

Plaintiff responded to Defendants' objections by amending the calculation of her out-of-pocket expenses to $76,801.22, after accounting for some of Defendants' objections and providing additional documentation and analysis in support of her calculations.  Plaintiff does not dispute Defendants' objections to the itemized charges for services that are not covered under the Plan—for example, enrollment fees, clothing, hygiene items, haircuts, and so on.  Plaintiff also does not dispute that she is not entitled to reimbursement for the psychiatric services for which Plaintiff did not submit a claim.  Because Plaintiff concedes Defendants' objections as to services not covered under the Plan and services for which a claim was not submitted, the Court will turn to Defendants' remaining objections.

First, Defendants argue that Plaintiff failed to provide adequate detail to determine whether each charge listed on the itemized account statements should be covered by the Plan—in particular, the line item for residential treatment.  In so doing, Defendants invoke a basis for denying benefits that was not relied upon in the administrative process.  But "federal courts will consider only 'those rationales that were specifically articulated in the administrative record as the basis for denying a claim.'"[7]  Having "rejected the sole basis upon which the administrator

---

[7] *Spradley v. Owens-Ill. Hourly Emps. Welfare Benefit Plan*, 686 F.3d 1135, 1140 (10th Cir. 2012) (quoting *Flinders v. Workforce Stabilization Plan of Phillips Petroleum Co.*, 491 F.3d 1180, 1190 (10th Cir. 2007), *abrogated on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008)); *see also Garrett v. Principal Life Ins. Co.*, 555 F. App'x 809, 812–13 (10th Cir. 2014) (unpublished) (affirming district court's refusal to consider new arguments raised by administrator in an attempt to reduce the amount of benefits owed).

grounded its denial of benefits, [the Court] will not permit the administrator to rely on new grounds for denial in this litigation or in further administrative proceedings."[8]

Second, Defendant ValueOptions objects to Plaintiff's calculation of charges incurred after March 9, 2011, and argues that those charges were not part of Plaintiff's administrative appeal or the instant suit.  The administrative record does not contain documentation of this period, and ValueOptions's denials appear to indicate that Plaintiff's claim for benefits was denied only for the period from July 9, 2010, to March 9, 2011.  But Plaintiff has now submitted documentation demonstrating that Plaintiff's dependent continually received treatment at Aspen Ranch until June of 2011, and that ValueOptions denied coverage for this time period.

The Court's review of ValueOptions's denial of benefits is "'limited to the administrative record—the materials compiled by the administrator in the course of making his decision.'"[9] "'[T]he district court should only look at the evidence that was before the plan administrator or trustee at the time of the determination.'"[10]  "[I]t is the unusual case in which the district court should allow supplementation of the record,"[11] and therefore "[a] party seeking to introduce evidence from outside the administrative record bears a significant burden in establishing that he may do so."[12]

---

[8] *Spradley*, 686 F.3d at 1142.

[9] *Foster v. PPG Indus., Inc.*, 693 F.3d 1226, 1231 (10th Cir. 2012) (quoting *Holcomb v. Unum Life Ins. Co. of Am.*, 578 F.3d 1187, 1192 (10th Cir. 2009)).

[10] *Hall v. Unum Life Ins. Co. of Am.*, 300 F.3d 1197, 1203 (10th Cir. 2002) (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1025 (4th Cir. 1993)).

[11] *Id.*

[12] *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303, 1309 (10th Cir. 2007).

In *Hall v. Unum Life Insurance Co. of America*, the Tenth Circuit explained that the administrative record in an ERISA case could be supplemented when the following four prongs have been met:

> (1) the evidence must be "necessary to the district court's . . . review;" (2) the party offering the extra-record evidence must "demonstrate that it could not have been submitted to the plan administrator at the time the challenged decision was made;" (3) the evidence must not be "[c]umulative or repetitive;" nor (4) may it be "evidence that is simply better evidence than the claimant mustered for the claim review."[13]

All four prongs are satisfied in this suit.  First, Plaintiff has submitted documentation demonstrating that her dependent received continuous treatment from July 2010 to June 2011. To determine the appropriate judgment to be awarded in this case, it is necessary that the Court consider documentation of all charges associated with the treatment for which coverage was denied.  Second, the disputed charges were incurred after Plaintiff's administrative appeals had been denied, so Plaintiff could not have submitted them to ValueOptions at the time the claim was denied.  Third, the additional documentation reflects unique charges incurred for treatment provided between March 2011 and June 2011, and is not cumulative or repetitive of evidence elsewhere in the record.  Fourth, because the documentation reflects unique costs incurred, it is not simply better evidence than what is already contained in the administrative record.  It is evidence of costs not otherwise represented in the record.

---

[13] *Id.* (quoting *Hall*, 300 F.3d at 1203).  Although *Hall* and *Jewell* involved a de novo standard of review, the Tenth Circuit has acknowledged that a party seeking admission of extra-record evidence in an arbitrary-and-capricious case "must meet at least the same burden." *Williams v. Metro. Life Ins. Co.*, 459 F. App'x 719, 729 n.8 (10th Cir. 2012) (unpublished). Without guidance about any differences that might be applicable in cases involving arbitrary-and-capricious review, the Court will apply the *Hall* test in this case.

Based on the foregoing, the Court will supplement the administrative record with Plaintiff's documentation of costs incurred throughout the treatment period.  The Court will therefore adopt Plaintiff's amended calculation that incorporates Defendants' objections for services not claimed under the Plan or covered by the Plan, and costs for the full period of treatment.

## IV.  CONCLUSION

It is hereby

ORDERED that Plaintiff's Motion for Reconsideration (Docket No. 64) is DENIED.

The Clerk of the Court is directed to enter judgment in favor of Plaintiff and against Defendants in the amount of $76,801.22, plus prejudgment interest at 10% per annum and postjudgment interest at the statutory rate.

DATED this 3rd day of December, 2014.

BY THE COURT:

Ted Stewart
United States District Judge

7